v. Gorken v. Devereux Mr. Gorken, can you hear us okay? Yes, Your Honor. Can you hear me okay? Yes. We're good. Okay. All right. So you have five minutes to explain to us what your issue is, and we may interrupt you with questions, but maybe not. So whenever you're ready, go ahead and get started. Yes, ma'am. Good morning, Your Honors. My name is Daniel E. Gorken. I'm the appellant in this case. This particular case challenges the constitutionality of the Child Support Enforcement Scheme under Title IV-D of the Social Security Act as applied in New York. The district court erred in dismissing my claims because the system has deprived me in particular of due process and equal protection rights guaranteed under the 14th Amendment while also raising 10th Amendment concerns of federal overreach into state family law. I would also like to start by invoking exclusive equity in this matter, as I am not a franchised corporate citizen. I'm an unenfranchised common law freeman subject to the Constitution. Before addressing the substantive constitutional questions, I have to begin in this case with the jurisdictional challenges. There was a jurisdictional challenge in this case directed at the County of Rensselaer Family Court, specifically to its Child Support Administrative Court and Magistrate Thomas Gordon. At no point did that tribunal establish or approve jurisdiction over me. As this court knows and held in Supreme Court, McNutt v. General Acceptance Court, U.S. Reports 298, 178, Section 189, makes it clear that once jurisdiction is challenged, it must be the burden of proof, showing that the jurisdiction is in force. It's back on the court there. Jurisdiction cannot be assumed. It must be affirmatively appearing in the record. Likewise, in Higgins v. Levine, 415, what is that? U.S. Reports 415, 528, Section 538, the court emphasized that jurisdictional issues must be resolved at the threshold and cannot be waived or ignored. Here, jurisdiction was challenged from the outset via a court warrant, yet the County Family Court proceeded without meeting its burden. The record contains no proof of jurisdiction, and that failure is fatal. I would also further assert my standing as, like I said, an unenfranchised, non-corporate entity, but I am a living free man subject to the Constitution. The 14th Amendment recognizes dual citizenship, both of the United States and of the state in which one resides. I do claim my rights as a private citizen under the Constitution and not as a franchise of statutory schemes. This distinction is vital because the state relied on administrative presumptions of jurisdiction rather than constitutional proofs of authority. Mr. Gerker. Yes, sir. The court below ruled against you, saying that there are all sorts of cases in which federal courts are not allowed to step in. That applies to us as well. There are any number of things that may have been done in the state that apply to you that may be right or wrong, but that we are not permitted to step into. That's what the court below ruled on, and that's what's before us. So why is it that you say that we can't step in, despite the Supreme Court's abstention doctrine in marital cases and the Younger abstention? I respectfully acknowledge that question, Your Honor. I believe what you're referring to also is the Ricker-Feldman doctrine. I'm not bringing this case to overturn any state or support order. I'm raising an independent federal constitutional challenge to the structure and enforcement of the Title IV-D in this case, namely jurisdiction and due process. Also, if you notice the defendants in the case, I'm suing the county and the state. So at this point, this isn't an appeal or looking for a reversal. This is a separate and independent case, citing the injuries and damages throughout. Okay, so here we go. Yes, turning briefly here to the merits, just quickly here. Even if jurisdiction were assumed, the procedures used to impose child support obligations violate fundamental constitutional rights for parenthood here. So as Troxell v. Granville says, 530 U.S. Reports 57, confirms my parental rights that are fundamental liberty interests. Also, American Jurisprudence 2D, the constitutional law section in Volume 16, makes it clear that no fundamental right may be abridged without due process and a compelling government interest that's narrowly tailored. Yet in my case, orders were entered without proper notice, without a full fair hearing, and without the findings required to satisfy due process. And that's why I'm asking this court remand. Thank you. All right, thank you. Is it Gherkin? Is that your? Yes, ma'am. That's perfect. Thank you for your argument. We'll take your case under consideration. Thank you very much. Thank you, Your Honors.